THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* MATOS,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a
Prosecution for an Offense Against the Public Health.

No. 847.—Decided July 6, 1915.

OFFENSE AGAINST PUBLIC HEALTH—COMPLAINT—KNOWLEDGE OF OFFENSE.—In
the present case the defendant was charged with having ''wilfully, maliciously
and with criminal intent sold meat in a complete state of putrefaction,''
and it was decided on appeal that, according to section 338 of the Penal
Code, the complaint did not charge a crime for it failed to charge, as was
necessary, nor was it proven by the evidence, that the accused sold the meat
knowing that it was in a state of putrefaction.

The facts are stated in the opinion.
·*Messrs. Tizol & Campillo* for the appellant.
*Mr. Salvador Mestre, fiscal,* for the respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant, Jacinto Matos, was charged in the Munici-
pal Court of Bayamón with having wilfully, maliciously and
with criminal intent sold meat in a complete state of putre-
faction in Toa Alta on October 10, 1914, which is an offense
contrary to law; and, on appeal, was convicted and sentenced
by the District Court of San Juan, Section 2.

In his brief and orally the *fiscal* of this court moved for
a reversal of the judgment on the ground that the language

of the complaint was insufficient to charge the commission of a crime. A similar motion was made by counsel for the appellant at' the hearing on the appeal, thus supporting the exception taken in the lower court to the sufficiency of the complaint.

The only statutory provision under which the charge could be made is section 338 of the Penal Code, which reads as follows: .

"Every person who knowingly sells, or keeps or offers for sale, or otherwise disposes of any article of food, drink, drug, or medicine, knowing that the same has become tainted, decayed, spoiled, or otherwise unwholesome or unfit to be eaten or drunk, with intent to permit the same to be eaten or drunk, is guilty of a misdemeanor."

The complaint does not allege, as was necessary according to our decision of May 17, 1915, in the case of *The People v. Vázquez*, that the accused sold the meat *knowing* it to be in a state of putrefaction and therefore failed to allege one of the necessary elements of the offense. Nor did the evidence establish the element lacking.

The judgment appealed from should be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.